HOBBS, *petitioner for review, versus* BURNS.

Of the evidence and of the conditions upon which reviews may be granted.

SHEPLEY, C. J. — The petitioner and Henry L. Wiggin, since deceased, made a written contract on December 6, 1833, with the respondent, that he should cut and haul logs from a township of land numbered four, in the sixth range.

Hobbs and Wiggin do not appear to have been owners of that township, but to have been interested with other persons, in contracts for the purchase of it. They were to make payment for the labor performed by two installments.

The respondent appears to have recovered judgment against them in the month of July, 1839, for the first installment, and the execution issued on that judgment, appears to have been satisfied in part by a levy made on the estate of Hobbs, on February 24, 1840. In the month of October, following, he commenced another suit against them, to recover the second installment, and recovered judgment therein, in the month of June, 1847, against Hobbs, Wiggin having deceased. An execution issued on this judgment was satisfied in part, by a levy made on the estate of Hobbs, on July 8, 1847.

At the term of this Court, holden in the month of November following, the petitioner presented this petition to obtain a review of the action last named, which was heard at the last term of the court of law in this county.

The petition in substance, alleges, that Hobbs and Wiggin, in making that contract, were in fact acting for those then interested, and who subsequently became owners of the township. That Burns, by power of attorney, duly executed, on

December 21, 1843, authorized William Weston, to compound, settle, receive pay, and discharge them from that contract. That on February 15, 1844, a settlement of the contract was made between the petitioner and Weston, by which it was agreed that the respondent should discharge his claims upon the petitioner, and take his remedy in the name of the petitioner against the owners of the township. That in violation of the agreement and settlement, the respondent recovered judgment in the last named action against the petitioner.

It does not appear that the agreement made between Hobbs and Weston, was reduced to writing. It is stated in the testimony of Josiah Dearborn, a counsellor at law in the State of New Hampshire, that it was agreed, that Burns should take his remedy against said company or proprietors of said township No. 4, in the name of said David L. Hobbs, for his claim by virtue of said agreement; said Hobbs to do all necessary acts to enable said Burns to bring and sustain an action, in the name of said David L. Hobbs, against said company." His testimony also states, that the first judgment recovered was then satisfied by a negotiable note, made by Hobbs, and payable to Burns for the amount of it, with interest and costs of levy, to enable Burns to commence an action in the name of Hobbs against the owners of the land. Such an action appears to have been commenced in the State of New Hampshire. Mr. Dearborn further states, that "said Hobbs was not to be required to do any thing to interfere with the right of said owners to defend the action then pending in the name of said Burns, against said D. L. Hobbs, and said Henry L. Wiggin, on the second payment named in said agreement."

William Weston was examined as a witness, but he does not give any satisfactory account of the precise terms of that agreement. This is the only testimony presented to prove that agreement; and the inquiry arises, whether it does prove, that Burns was not to prosecute the action then pending, and obtain a judgment therein againt Hobbs for the recovery of the second installment due by the contract. Hobbs does not appear to have paid to Burns any thing on account of it, or to have

afforded him any means, by which he could in his name have maintained a suit against the owners of the land. There does not appear to have been any agreement, that the suit then pending should be no further prosecuted. On the contrary, there appears by implication, an intention to permit it to be prosecuted, for Hobbs was not to interfere with the rights of the owners to defend it; and if it was understood between them, that the owners of the land were to be at liberty to defend it, the right of the party plaintiff to prosecute it was involved therein. To carry into effect the agreement made between Hobbs and Weston, there must have been in some mode a valid claim first established by Burns, against Hobbs, to enable Burns to maintain, in the name of Hobbs, a suit against the owners of the land, for the recovery of the last installment. If it had been the intention, that the second suit should be no further prosecuted, and that the entire claim of Burns, by virtue of the contract, should be adjusted without another judgment, the note, made by Hobbs to Burns, should have included what might be due upon both installments.

The fair and just conclusion is, that Burns was to be at liberty to prosecute the second suit, leaving the owners of the land at liberty to defend it, that the sum justly due to Burns might be ascertained by a judgment, and that by a course similar to that pursued respecting the first judgment, Burns should be placed in a position to enable him in the name of Hobbs to obtain satisfaction from the owners of the land. The testimony therefore fails to prove, that Burns recovered that judgment in violation of any contract made between Hobbs and Weston.

The claim to have a review granted is presented under another aspect.

It is alleged, that Weston settled the suit, which had been commenced in the State of New Hampshire, and also settled with three of the owners of the land, Messrs. Upham, Haven, and Treadwell, and received from them, satisfaction of their

shares of what might be due to Burns on the entire contract, and that they were released from all further liability.

The depositions of Messrs. Upham and Haven are offered to prove these allegations.

. It appears, that they as part owners of the land would be liable with others to pay to Hobbs and Wiggin, whatever they might be obliged to pay and should pay by virtue of that contract. They would therefore be directly interested to prevent a recovery against Hobbs; would thereby be relieved from a burden already resting upon them. It appearing from their own testimony, that they were thus situated, their depositions must be excluded.

The depositions of Josiah H. Hobbs and Elizabeth Wiggin, if read, would not vary the result.

In the testimony of Mr. Dearborn, copies of the discharges made by Weston to Messrs. Upham, Haven and Treadwell are presented, but they are not admissible. Proof of the execution of the originals cannot be properly made without their production.

It appears from the testimony of Weston, and from the admission of the respondent's counsel, that certain payments were made by those three part owners of the land upon the entire contract. It is admitted, that the respondent received money and a conveyance of an undivided portion of the land on account of that contract. These payments appear to have been made and received in part satisfaction of the whole contract and not in part satisfaction of the first installment only. These payments were not allowed in the settlement of the first judgment.

Hobbs, according to the agreement, was not to have been expected to defend the second suit, and if the judgment is to be enforced against him, Burns ought not to have taken judgment for the amount of the second installment without deducting the proper portion of the amount of those payments from it.

It is insisted by the counsel for the petitioner, that Burns was not legally entitled to recover a judgment against Hobbs for

any amount, because he had released Messrs. Upham, Haven and Treadwell, who were joint contractors with him, and that a release of one joint contractor operates as a release of all. This position cannot be sustained by the proof in this case for several reasons. It will be sufficient to notice one or two.

There is no proof, that they were joint contractors with Hobbs. They did not sign the contract with him. If Hobbs and Wiggin, who did sign it, were to be regarded as agents of the owners of the land, and the owners as joint contractors, there would then be no proof, that Hobbs was one of the owners and as such a joint contractor with them. Although he appears to have been interested in the contract to purchase, he does not appear to have become a part owner of the land.

Nor does it appear, that those persons were discharged by a release or instrument under seal, which would operate as a discharge of all the joint contractors.

If the respondent will remit so much of the judgment as he ought to have credited in payment of the last installment, or indorse that amount as paid upon the execution, there will be no occasion to grant a review, that entire justice may be done. If he is willing to do so, and the parties do not agree upon the amount, the Court will appoint a master to ascertain it.

*Hutchinson*, for the petitioner.

*J. S. Abbott*, for the respondent.